UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WEXLER,<br><br>     Plaintiff,<br><br>vs.<br><br>B. SCOTT MEDIA LLC,<br><br>     Defendant. | Case No.: 2:19-cv-3465-CBM (AFMx)<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 23) [22]** |

The matter before the Court is Plaintiff's Motion for Default Judgment (the "Motion"). (Dkt. No. 23.)

## I. BACKGROUND

David Wexler ("Plaintiff") is a professional photojournalist. (Dkt. No. 8 ("FAC") at ¶ 7.) On or about December 16, 2016, Plaintiff photographed an apartment building ("the Photograph"), which was published under license by the *New York Daily News* on the same day. (*Id.* at ¶¶ 11-13.) Plaintiff registered the Photograph with the U.S. Copyright Office and provided a copyright registration certificate number, effective as of July 18, 2017. (*Id.* at ¶ 15.) Plaintiff alleges B. Scott Media ("Defendant") violated the Copyright Act, 17 U.S.C. §§ 106, 501, 1202 by posting the Photograph on its website without a license or permission from Plaintiff. (*Id.* at ¶16-17.)

On February 11, 2020, the Court issued an order to show cause for failure to prosecute the case, and Plaintiff timely filed an application for entry of default by the clerk in response. (Dkt. No. 16, 17.) Thereafter, on March 16, 2020, the court clerk entered default against Defendant. (Dkt. 18.) Plaintiff now moves the Court to enter default judgment against Defendant pursuant to Fed. R. Civ. P. 55.

## II. JURISDICTION

The Court has jurisdiction over this action under the Copyright Act of 1976 and 28 U.S.C. § 1331.

## III. LEGAL STANDARD

Although default judgements are generally disfavored, when cases fail to reasonably proceed on the merits, seven factors are used in assessing whether default judgment is warranted:

> "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986); *accord NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016).[1]

In reviewing a motion for default judgment, a court accepts the factual allegations of the complaint as true, except those relating to the amount of damages. *Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)). Furthermore, upon entry of default a defendant is considered to have admitted the well-pleaded allegations in the complaint. *Benny v Pipes*, 799 F.2d 489, 495 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987) (citation omitted).

---

[1] Hereinafter referred to as the "*Eitel* factor(s)."

# IV. DISCUSSION

## A. Procedural Requirements for Entry of Default Judgment

Plaintiff must satisfy the procedural requirements of Fed. R. Civ. P. 55(a) and Local Rule 55-1 for entry of default judgment. *See PepsiCo, Inc. v. California Security Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). To obtain default judgment, a party must first receive an entry of default by the clerk. Fed. R. Civ. P. 55(a). Pursuant to Local Rule 55-1, the Motion must include a declaration setting forth:

> "(1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required."

C.D. Cal. L.R. 55-1.

Here, Plaintiff served the Defendant with the summons, Complaint, and FAC on October 2, 2019, and the Motion on July 13, 2020. (Dkt. No. 13; Dkt. No. 17; Dkt. No. 22.) The Clerk entered default against Defendant on March 16, 2020. (Dkt. No. 18.) Therefore, the Motion satisfies Fed. R. Civ. P. 55(a). However, the Motion fails to comply with the requirements of Local Rule 55-1. Although Plaintiff attaches the declaration of attorney Gregory P. Goonan to the Motion (*see* Dkt. No. 22-2), that declaration fails to address elements (3) and (4) of L.R. 55-1. Because Defendant is not a natural person and therefore cannot come within the scope of element (3) or (4) of L.R. 55-1, the Court finds those provisions are not applicable to the instant Motion. Therefore, the Motion satisfies L.R. 55-1.

## B. The *Eitel* Factors Favor Entry of Default Judgment

### 1. Possibility of Prejudice

The first *Eitel* factor considers whether a plaintiff will suffer prejudice if default judgment is not entered. *Eitel*, 782 F.2d at 1471-1472. Here, Defendant has

not filed an answer or responsive pleading to Plaintiff's amended Complaint. Given Defendant's irresponsiveness and inaction for over a year, Plaintiff would likely be unable to obtain relief without default judgment. *See Rosen v. Hollywood Show, LLC,* No. 2:18-cv-00215-CAS(Ex), U.S. Dist. LEXIS 24479, at *9-10 (C.D. Cal. Jan. 9, 2020) (finding prejudice where defendant failed to participate in the action, as plaintiff would have no other recourse for recovery). Furthermore, Plaintiff has expended effort and incurred fees in prosecuting this action. *See Whitaker v. GZHB LLC*, No. SACV 20-00075 JVS, U.S. Dist. LEXIS 102033, at *5 (C.D. Cal. June 10, 2020) (finding prejudice where "plaintiff expended effort, incurred costs and fees" in pursuing the action and defendant was nonresponsive). Therefore, the first *Eitel* factor favors default judgement.

### 2. The Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint

To state a claim for copyright infringement, plaintiffs must allege: (1) ownership of a valid copyright, and (2) copying constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tele. Serv. Co.*, 499 U.S. 340, 361 (1991). Copyright owners have the exclusive right "to reproduce the copyrighted work in copies," or to authorize another to do so. 17 U.S.C. § 106(1). Courts have construed the second element of a copyright infringement claim to require: (1) access and (2) substantial similarity. *Unicolors, Inc. v. Urban Outfitters, Inc.,* 853 F.3d 980, 985 (9th Cir. 2017) (citing *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.,* 562 F.2d 1157, 1162 (9th Cir. 1977)). A plaintiff must also demonstrate volitional conduct by the defendant in a claim for direct copyright infringement; however, volition does not require willfulness but rather "stands for the unremarkable proposition that proximate causation historically underlines copyright infringement liability no less than other torts." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017); *Fox Broad. Co., Inc. v. Dish Network L.L.C.,* 747 F.3d 1060, 1067 (9th Cir. 2013).

Here, Plaintiff alleges he created, owned, and held a valid copyright registration for the Photograph with the United States Copyright Office, and identified the registration certification number and attached a copy of the certificate to the FAC. (FAC ¶ 15; *see* Dkt. 8-3.) Thus, Plaintiff sufficiently demonstrates ownership of a valid copyright in the Photograph. *See Ent. Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) (holding a certificate of registration "creates a presumption of ownership of a valid copyright, which the defendant must offer some evidence to rebut").

Regarding copying, Plaintiff alleges Defendant posted Plaintiff's Photograph on Defendant's website without license or permission. (FAC. ¶ 16-18.) Exhibit A features the Photograph and Exhibit D features an identical image which was posted on Defendant's website.[2] (*Compare* Dkt. 8-1 ("Ex. A") *with* Dkt. 8-4 ("Ex. D").) Thus, the works are substantially similar for purposes of the intrinsic and extrinsic test. *See Rosen*, No. 2:18-cv-00215-CAS, at *13 (finding substantial similarity under the intrinsic and extrinsic tests on a default judgement where the photos at issue were near identical). The FAC alleges Defendant accessed the Photograph from the Internet, copied the Photograph, and pasted it or uploaded it to Defendant's website. (FAC. ¶ 29; *see Guternberg v. Realty Source Inc.*, No. 8:18-cv-01672-JLS-ADS, U.S. Dist. LEXIS 132801, *2 (C.D. Cal. April 17, 2019) (finding access where plaintiff "alleged that defendant used copyrighted photograph on defendant's website without purchasing a license.")

Moreover, the FAC meets the volitional requirements necessary to state a claim for direct copyright infringement. The FAC alleges a credit indicating the Photograph was authored by Plaintiff was present when the Photograph appeared in the *New York Daily* news, but was removed when the Photograph appeared on Defendant's website. (FAC at ¶¶ 12-13, 28-30; *see also* FAC at Ex D.) Plaintiff alleges Defendant removed the credit, thereby indicating Defendant's conduct was

---

[2] Exhibit A and Exhibit D are attached to the FAC. *See* (Dkt. No. 8-1; Dkt. No. 8-4.)

a direct cause of the infringement, satisfying the element of volition. *See Perfect 10*, 847 F.3d at 666; *see also Werner v. Evolve Media, LLC*, No. 2:18-cv-7188-VAP-SKx, U.S. Dist. LEXIS 106477, at *15 (C.D. Cal. Apr. 28, 2020) (finding volition requirement met where defendants' conduct was a direct cause of the infringement of plaintiff's images).

Accordingly, Plaintiff has alleged a claim for copyright infringement. Therefore, the second and third *Eitel* factors favor entry of default judgement.

### 3. The Sum of Money At Stake In The Action

Evaluation of the fourth *Eitel* factor considers the amount of money at stake in the action relative to the seriousness of a defendant's conduct. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Default judgment is disfavored when the sum of money at stake is "unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). On the other hand, "default judgment is appropriate when the sum at stake is tailored to the defendant's specific misconduct." *CNC Software, Inc. v. T D Mfg.*, No. SACV 8:19-cv-1444-JLS-JDE U.S. Dist. LEXIS 7658, at *11 (C.D. Cal. Mar. 24, 2020).

Here, Plaintiff seeks $2,500.00 in statutory damages for Defendant's infringement, and an award of attorney's fees and costs. (Mot. at p. 4:17-20.) Plaintiff bases this award on the estimated fair market value for the Photograph ($500.00), and asks the Court to award five times the estimated fair market value for a total of $2,500.00. (Dkt. No. 22, 8:2; *see also* Dkt. No. 22-1 at 7:10-12.) As discussed below, the Court finds an award of $2,500 is unreasonable in this case. Because this Court may adjust the damages award, however, the fourth *Eitel* factor does not weigh against entry of default judgment.

### 4. The Possibility Of A Dispute Concerning Material Facts

The fifth *Eitel* factor considers whether material facts may be in dispute. *Eitel*, 782 F.2d at 1472. Here, Plaintiff filed a well-pleaded complaint, the

allegations of which the Court assumes to be true based upon Defendant's failure to appear or otherwise respond to Plaintiff's claims. Thus, no dispute has been raised as to any material fact. *See Kilina America, Inc. v. R & R Goldman Assocs.,* No. 2:18-cv-06525-AB (GJSx), U.S. Dist. LEXIS 224034, at *8 (C.D. Nov. 7, 2018) (finding defendants' failure to participate in the litigation "rendered plaintiff's allegations presumably true," and therefore no factual dispute existed that would preclude entry of default judgment). Accordingly, the fifth *Eitel* factor weighs in favor of default judgment.

### 5. Whether The Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers whether a defendant's default is due to excusable neglect. *Eitel*, 782 F.2d at 1472. Where defendants fail to respond after being properly served, default judgement is generally favored. *See Constr. Laborers Trust Funds for S. Cal. Admin. Co. v. Anzalone Masonry, Inc.,* 316 F. Supp. 3d 1192, 1201-1202 (C.D. Cal. 2018) ("There is little possibility of excusable neglect and default judgment is favored when defendants fail to respond after being properly served.") (citation omitted).

Here, Defendant was served with the summons, complaint, and Motion. (Dkt. No. 13; Dkt. No. 22.) Defendant has not filed any documents nor communicated with the Court to indicate excusable neglect. Accordingly, the sixth factor weights in favor of default judgement. *See Loiseau v. Reel Network LLC*, No. 2:17-cv-08998-SVW-SS, U.S. Dist. LEXIS 226860, at *8 (C.D. Cal. July 26, 2018) (finding no excusable neglect where defendant failed to file any materials "that could be construed as an attempt to set aside the entry of default.").

### 6. Policy Underlying the Federal Rules of Civil Procedure

Under the seventh *Eitel* factor, the Court considers the strong policy favoring decisions on the merits. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 728 F.2d at 1472. However, where a defendant is completely unresponsive, "a decision on the merits [is] impractical, if

not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177; *see Loiseau,* No. 2:17-cv-08998-SVW-SS U.S. Dist. LEXIS 226860, at *8 ("Rule 55(a) allows a court to decide a case before the merits are heard if a defendant fails to appear and defend.").

Here, Defendant has been consistently unresponsive, rendering it impossible for the Court to decide this case on the merits. Accordingly, the seventh factor weighs in favor of default judgment. *See Prokos v. Covered Wagon Invs. Inc.,* No. 2:19-cv-08493-ODW (GJSx), U.S. Dist. LEXIS 50886, at *9 (C.D. Cal. Mar. 23, 2020) (finding defendant's irresponsiveness rendered default judgment necessary).

Therefore, the Court finds Plaintiff is entitled to default judgment based on an application of the *Eitel* factors.

### C. Plaintiff's Statutory Damages Should Be Reduced

The Copyright Act provides that an "an infringer of [a] copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a). Thus, a defendant can pursue statutory damages in lieu of actual damages. *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340, 343 (1998). The Court has considerable discretion to determine the amount of statutory damages awarded, "constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984); *see also Nintendo of Am., v. Dragon Pacific Int'l.,* 40 F.3d 1007, 1010 (9th Cir. 1994). In determining the appropriate amount of statutory damages, the Court considers the circumstances of the infringement and the proportionality of the Plaintiff's damages to the statutory award sought. *See Durant v. Rep Publ., Inc.,* U.S. Dist. CV 17-08077-AB (SSx) LEXIS 228356, at *11-12 (C.D. Cal. Aug. 13, 2018).

Here, Plaintiff pursues $2,500.00 in statutory damages, which is five times the estimated licensing fee of the Photograph. (*See* Goonan Decl. at ¶ 4 ("Plaintiff estimates that the fair market value of the Photograph, if properly licensed, is $500.00.").) "There is a virtual consensus [in the Central District]...that a multiplier of two to four times the license value is appropriate in instances of willful infringement." *Goulet v. Oculus Architecture Ltd.*, No. 8:18-cv-01475-JLS-JDE U.S. Dist. LEXIS 226705, at *12 (C.D. Cal. Sept. 5, 2019) (collecting cases). Plaintiff relies on *Barcroft Media, Ltd. v. Social Trends Media, Inc.*, No. CV 17-5277-R, U.S. Dist. LEXIS 238486, at *3 (C.D. Cal. May 1, 2018) for the proposition that a statutory damage award five times the estimated licensing fee is appropriate here, but the *Barcroft* court found willful infringement of multiple works – a "particular circumstance" not present in this case.

Therefore, the Court finds statutory damages of $1,500 – a multiplier of three to the estimated licensing fee – is reasonable to compensate Plaintiff and deter future infringement.

**D.  Plaintiff's Request For Recovery of Full Costs and Attorney's Fees is Reasonable**

Plaintiff seeks attorneys' fees of $3,920.00 and litigation costs of $625.00.[3] (Dkt. No. 22-1.) In actions for copyright infringement, "the court in its discretion may allow the recovery of full costs by or against any party … [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Local Rule 55-3 provides a schedule of attorneys' fees when default judgment is entered, but provides that "[a]n attorney claiming a fee in excess of this schedule may file a written request at the time of entry of the default judgment to have the attorney's fee fixed by the Court." C.D. Cal. L.R. 55-3.

---

[3] The requested costs are based on: (1) a filing fee totaling $400.00; (2) attorney service fee to serve summons and complaint of $181.25; and (3) attorney service fee to deliver courtesy copies of $43.75. (Dkt. 22-1, 9:3-9.)

9

Here, Plaintiff provided detailed invoices reflecting a reasonable total of $3,920.00 and a declaration from Plaintiff's counsel explaining that his billing rate is commensurate with, and perhaps even below, prevailing market rates for a lawyer of his qualifications. (Dkt. No. 22-1, 8:11-9:2.; Dkt. No. 22-2.) "Affidavits of plaintiff['s] attorney...regarding prevailing fees in the community... are satisfactory evidence of the prevailing market rate." *Sugarfina, Inc. v. Sweitzer LLC*, No. 2:17-CV-07950-ODW(JCx), U.S. Dist. LEXIS 137457, at *11 (C.D. Cal. July 30, 2018). Plaintiff met his burden by documenting the hours spent and providing an invoice detailing attorney fees incurred and a description of the work performed in this case. (*See* Dkt. No. 22-1, 8:11-9:2.; Dkt. No. 22-2.)

Accordingly, the Court finds the attorney's fees requested by Plaintiff's counsel reasonable based upon counsel's specialized knowledge, thirty-five years of experience, the invoices of time billed, and the favorable outcome of the case. The Court therefore awards Plaintiff attorney's fees of $3,920.00 and costs of $625.00.

## V. CONCLUSION

The Court **GRANTS** the Motion and awards Plaintiff $1,500 in statutory damages, $3,920.00 in attorney's fees, and $625.00 in costs, for a total of $6,045.00.

**IT IS SO ORDERED.**

DATED: October 5, 2020

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

CC: FISCAL